```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF RHODE ISLAND
```

_____
                                    )
Emissive Energy Corporation,        )
                                    )
                Plaintiff,          )
                                    )
     v.                             )   C.A. No. 09-13 S
                                    )
NovaTac, Inc.                       )
                                    )
                Defendant.          )
_____)

**OPINION AND ORDER**

WILLIAM E. SMITH, United States District Judge.

I.   Introduction

Less than one week before the end of fact discovery, Defendant NovaTac, Inc. ("NovaTac") moved to amend its Answer to add four new affirmative defenses and counterclaims, as well as an additional 273 paragraphs of allegations. The Court referred NovaTac's motion to Magistrate Judge Martin for an Order, in accordance with Fed. R. Civ. P. 72(a). Magistrate Judge Martin denied the motion and ruled that NovaTac did not meet its burden. Defendant timely appealed to this Court.

After conducting a de novo review, the Court affirms the Order and DENIES Defendant's motion.

II. Background

Plaintiff Emissive Energy Corporation ("Emissive") filed a Complaint on January 12, 2009, alleging that NovaTac manufactured LED flashlights that incorporate Emissive's Patented Technology (patents '468, '677, '989, and '305 or cumulatively "the asserted patents"). NovaTac filed its Answer, and counterclaims, on March 3, 2009.

On February 2, 2010, NovaTac proposed to amend its Answer with additional affirmative defenses and counterclaims, in support of its theory that Emissive's patents are unenforceable due to "inequitable conduct" by Robert Galli ("Galli") (Emissive's Chief Executive Officer) and his patent prosecution attorneys. Specifically, NovaTac's proposed amendments allege that Galli and his attorneys intended to deceive the patent office by failing to disclose patent '106, also owned by Galli, for a "Thin Profile Laser Pointer Assemblage." NovaTac alleges that patent '106, combined with patent '418,[1] anticipates the asserted patents and neither patent '106 or '418 were disclosed in the application for the asserted patents. NovaTac seeks to amend its Answer in order to argue that Galli's failure to disclose the prior art renders the asserted patents void and

---

[1] The parties also refer to this patent as the Hochstein reference. NovaTac alleges that the Examiner initially rejected patent '556 on the basis that patent '418 anticipated it. However, after Galli filed a response in opposition, the rejection was not maintained.

unenforceable. Emissive claims patents '106 and '418 are unrelated to the asserted patents.

At the hearing, the Court questioned NovaTac at length on the timing of its motion. NovaTac states in its papers that "NovaTac brought its motion promptly after NovaTac learned of the inequitable conduct." Counsel for NovaTac clarified that he did not know when his client actually found the patent by stating that "[a]ll I can say with certainty is that it was right at the time that we were entering the case that we were provided this information." (Tr. 5:6-8, May 18, 2010.)

Sometime prior to engaging new counsel, however, NovaTac was independently searching for prior art that would invalidate the asserted patents. The central question, when or precisely how NovaTac stumbled across patent '106, remains a mystery. Moreover, patent '418 was known by NovaTac as far back as June, 2009, when the file histories of the patents in issue of this matter were produced by Emissive.

Emissive objects to the motion as untimely, prejudicial to its interests, and futile. Because the Court agrees that the balance of equities weighs against granting leave to amend, it need not address whether the amendments are also futile.

III. Analysis

    A.   The Standard of Review

Defendant argues that because Magistrate Judge Martin's Order disposed of its defenses and claims, the Order should have been a Report and Recommendation. Rule 72 distinguishes generally between Orders, rendered for nondispositive motions and reviewed by the District Court under a "clearly erroneous or [] contrary to law" standard, and Reports and Recommendations that are rendered for dispositive motions, which are reviewed de novo.

A motion to amend is not normally dispositive, and it is not listed as an exception from the "clearly erroneous or contrary to law" standard, as other dispositive motions are. See 28 U.S.C. § 636(b)(1)(A) ("except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action").

Rule 72, however, broadly defines nondispositive matters as matters that are "not dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a). Thus, de novo review may be appropriate where denial of NovaTac's motion is "dispositive" of

4

NovaTac's affirmative defense of "inequitable conduct" and its counterclaims for declaratory judgment.

Although NovaTac did not object at the time the Court requested an Order from Magistrate Martin, this motion likely falls into the exception noted by Judge Lageaux in <u>Caranci v. Blue Cross & Blue Shield of R. I.</u>, where he stated "although the motion to amend was treated as [nondispositive], it can be argued that the appropriate standard of review for the Magistrate Judge's order is <u>de novo</u>. . . . Several courts, including this Court, have held that this distinction [between dispositive and nondispositive] implies that a matter not listed in 28 U.S.C. § 636(b)(1)(A) may nonetheless require <u>de novo</u> review, if its effect is dispositive on a claim or defense of a party." 194 F.R.D. 27, 31 n.1 (citing <u>Allendale Mut. Ins. Co. v. Rutherford</u>, 178 F.R.D. 1, 2 (D. Me. 1998) and <u>Conetta v. Nat'l Hair Care Ctrs., Inc.</u>, 182 F.R.D. 403, 405-406 (D.R.I. 1998)).

NovaTac argues that "inequitable conduct" by Galli is a complete defense to Emissive's lawsuit. Because Rule 72 supports that a Magistrate's Order ending a "claim or defense" requires <u>de novo</u> review, the Court will apply <u>de novo</u> review and consider the underlying facts and circumstances to determine whether NovaTac has met its burden. See <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>Grant v. News Group Boston, Inc.</u>, 55 F.3d

5

1, 6 (1st Cir. 1995) ("[T]he movant has the burden of showing some 'valid reason for his neglect and delay.'") (quoting Stephanischen v. Merchants Despatch Transp. Corp., 722 F.2d 922, 923 (1st Cir. 1983) (emphasis in original).

    B.    Motion for Leave to Amend

Rule 15(a) declares that leave to amend "shall be freely given when justice so requires[;]" however, "[a] party's belated attempt to revise its pleadings requires that a court examine the totality of circumstances and exercise sound judgment in light of the pertinent balance of equitable considerations." Quaker State Oil Ref. Corp. v. Garrity Oil Co., 884 F.2d 1510, 1517 (1st Cir. 1989).

In Foman v. Davis, the United States Supreme Court stated that "[i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" Foman, 371 U.S. at 182. "'[C]ourts may not deny an amendment solely because of delay and without consideration of the prejudice to the opposing party, . . . [however] it is clear that 'undue delay' can be a basis for denial.'" Tiernan v Blyth, Eastman, Dillon & Co., 719 F.2d 1, 4 (1st Cir 1983)

6

(quoting Hayes v. New England Millwork Distributors, Inc., 602 F.2d 15, 19 (1st Cir. 1979) (affirming denial of motion to amend where movant failed to excuse his delay).

Here, NovaTac has utterly failed to offer a valid reason for the time it has taken to move to amend since the Answer was first filed in March, 2009.  Defendant argues there is no delay, but, despite the Court's repeated questioning, fails to answer when or how information regarding inequitable conduct came to be known.  This is especially troubling where Defendant was aware of patent '418 in June, 2009.

Instead of trying to show that it acted promptly and offer a valid reason for the time it took to file its motion, NovaTac simply argues that the lack of information should be interpreted to mean there is no delay.  NovaTac then goes a step further and argues that any delay is Emissive's fault, because Emissive failed to disclose patent '106.  The Court does not agree that NovaTac can meet its burden by pointing fingers at Emissive's failure to disclose the '106 patent.  Emissive did not disclose the '106 patent because its position is that the patent is irrelevant.  Furthermore, Emissive did produce the file histories of the asserted patents, which contains references to patent '418.  NovaTac fails to demonstrate that it was actually prejudiced by Emissive's alleged nondisclosure of '106.  Indeed, it could have brought the claims regarding patent '418 at any

7

time after June 2009. While the Court will not assume that NovaTac sat on its hands with information on patent '106, it also will not assume that NovaTac was prejudiced by Emissive's nondisclosure of patent '106, especially where NovaTac did nothing with patent '418 for nearly a year.

NovaTac argues that the Court must weigh "the prejudice to NovaTac caused by denial of its motion," as well as the public interest, in its favor. Even if the Court credits that NovaTac would be harmed by the denial of its motion, the prejudice to Emissive in allowing the motion outweighs any such consideration. Discovery is closing, while Emissive is facing hundreds of new allegations. Emissive would be further prejudiced by the delays that would result from granting the motion. Defendant argues that a trial date has not been set and it will not seek to push any discovery dates back; however, NovaTac also admits that additional expert discovery will be needed. Furthermore, permitting hundreds of new allegations will likely result in additional motion practice, and therefore, additional delay preventing a quick resolution on the merits.

Finally, although there is a public interest in eliminating invalid or unenforceable patents, the public interest is also served when unexcused delay is not permitted to consume the Court's resources and drag the parties through extended, unnecessary litigation. After considering all the

circumstances, the Court finds that the balance tips against granting the motion.

IV. Conclusion

For the reasons stated herein, the Court concludes that the factors weigh against granting NovaTac's motion. Therefore, the Court affirms the Magistrate's Order and Defendant's Motion for Leave to Amend Amended Answer and Counterclaims is DENIED.

IT IS SO ORDERED:

*/s/ William E. Smith*
William E. Smith
United States District Judge
Date:  July 28, 2010